**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dwayne Edward STRAUB,**
**Defendant–Appellant.**

No. 06–30135.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2007.

Filed March 12, 2007.

Jonathan Haub, AUSA, Office of the U.S. Attorney, Mark O. Hatfield, Portland, OR, for Plaintiff–Appellee.

Jeff S. Pitzer, Esq., Law Offices of Jeff Pitzer, Portland, OR, for Defendant–Appellant.

\* This disposition is not appropriate for publication and is not precedent except as provided

Before: D.W. NELSON, KLEINFELD, and BYBEE, Circuit Judges.

## MEMORANDUM *

Dwayne Edward Straub ("Appellant") appeals his conviction on five drug-related counts and his sentence of 272–months imprisonment. The facts and procedural history are known to the parties and are repeated here only as necessary.

■ Appellant argues that counts 3 and 4 should have been severed from the indictment and tried separately. We review a district court's denial of a severance motion for abuse of discretion. *United States v. Vargas–Castillo*, 329 F.3d 715, 722 (9th Cir.2003). Counts should only be severed if the "joinder was so manifestly prejudicial that it outweighed the dominant concern with judicial economy and compelled exercise of the court's discretion to sever." *United States v. Whitworth*, 856 F.2d 1268, 1277 (9th Cir.1988) (citations omitted). Severance is not required where evidence of each count would be admissible at separate trials. *United States v. Douglass*, 780 F.2d 1472, 1479 (9th Cir.1986). Counts 3 and 4 were part and parcel of the larger drug conspiracy charged in count 1, and the evidence of each count would have been admissible at separate trials. We hold that the district court did not abuse its discretion in denying Appellant's motion to sever.

■ We must also address whether the district court erred in failing to compel the government to grant defense witness Mike Bauman use immunity. This is a mixed question of law and fact that is reviewed

by 9th Cir. R. 36–3.

de novo. *United States v. Alvarez*, 358 F.3d 1194, 1216 (9th Cir.2004). The underlying factual findings are reviewed for clear error. *Id.* A defendant is normally not entitled to compel the government to grant immunity to his witnesses. *United States v. Westerdahl*, 945 F.2d 1083, 1086 (9th Cir.1991). However, an exception exists where defendants "show that: (1) the testimony was relevant; and (2) the government distorted the judicial fact-finding process by denying immunity." *United States v. Young*, 86 F.3d 944, 947 (9th Cir.1996). To meet the first prong of that test, the testimony need not be exculpatory or even necessary; it simply must be relevant. *Id.* Based on defense counsel's proffer at trial, we conclude that Bauman's testimony is relevant because it raises credibility questions about a key prosecution witness.

In order to meet the second prong, a defendant must show that the prosecutor either intentionally caused a witness to invoke his Fifth Amendment privilege or demonstrate that the government granted immunity to certain witnesses while denying immunity to a witness who would have "directly contradicted" testimony from the immunized government witness. *Williams v. Woodford*, 384 F.3d 567, 600 (9th Cir. 2004). Appellant does not allege prosecutorial misconduct, but he does maintain that immunity was warranted because the government gave immunity or special considerations to many of its witnesses, while refusing immunity for Bauman. It is clear from the record that absent a grant of immunity, Bauman would not testify. Because the district court did not hold an evidentiary hearing, we are unable to determine from the record whether or not denying immunity distorted the fact-finding process. Information on why Bauman required immunity, greater detail about his proposed testimony and the immunity agreements the government gave to its other witnesses would be helpful.

Accordingly, we remand to the district court with instructions to conduct an evidentiary hearing on whether Bauman should have been given use immunity and then to take any other appropriate steps. The panel will retain jurisdiction over any subsequent appeal in this case.

**REMANDED.**